NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEYDI MARILU MELGARES-RIVERA; JONATHAN JAIRO SALVADOR-MELGARES,

Petitioners,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No.   17-71938

Agency Nos.   A206-682-960
A206-682-961

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2026[**]
Pasadena, California

Before:  WARDLAW, OWENS, and DE ALBA, Circuit Judges.

Leydi Marilu Melgares-Rivera and her minor son, natives and citizens of El

Salvador, petition for review of the Board of Immigration Appeals' ("BIA")

decision dismissing their appeal from the Immigration Judge's ("IJ") decision

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

"Where the BIA writes its own decision, as it did here, we review the BIA's decision, except to the extent it expressly adopts the IJ's decision." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075–76 (9th Cir. 2020). "We review denials of asylum, withholding of removal, and CAT relief for substantial evidence." *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016) (internal quotation marks omitted).

1. Asylum and Withholding of Removal: Substantial evidence supports the BIA's denial of Petitioners' applications for asylum and withholding of removal. The record does not compel the conclusion that Petitioners suffered past persecution. Petitioners were never physically harmed in El Salvador. *See Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021) ("We have repeatedly denied petitions for review when . . . the record did not demonstrate significant physical harm."). Further, the threats Melgares-Rivera and her partner received were not so immediate or menacing as to constitute persecution; the threats were not

---

[1] Petitioner's minor son was included as a derivative beneficiary on her asylum application. Petitioner's son does not seek relief separate from her and cannot assert derivative claims for withholding of removal or relief under CAT. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005).

2

accompanied by physical harm, infrequent, and arose from circumstances of generalized violence. *See Sharma*, 9 F.4th at 1061–63; *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019); *see also Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179–80 (9th Cir. 2021) (finding that the record did not compel finding of past persecution where the perpetrator "did not perform any acts of violence" and "never followed through on any of his threats").

The record also does not compel the conclusion that Petitioners were or would be targeted on account of their membership in the "Melgares-Rivera family." The record contains no evidence that the extortionists targeted Melgares-Rivera's partner—the only one who was extorted and directly threatened—because of his membership in the Melgares-Rivera family. And country conditions evidence corroborate that transportation workers had been subjected to extortion. Evidence of private violence or criminal activity, standing alone, does not demonstrate persecution on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Because substantial evidence supports the BIA's conclusion that Petitioners failed to demonstrate *any* nexus between the alleged past harm or feared future harm and a protected ground, Petitioners' asylum and withholding claims fail. *See Sharma,* 9 F.4th at 1059–60, 1065 (where petitioners do not establish past persecution, they bear the burden of showing future persecution on account of a protected ground); *Rodriguez-Zuniga v.*

3

*Garland*, 69 F.4th 1012, 1023 (9th Cir. 2023) (where the lower nexus showing for withholding of removal is not met, both asylum and withholding claims fail); *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (interpreting 8 U.S.C. § 1231(b)(3)(C) to create lower nexus standard for withholding of removal).

2. <u>CAT</u>: Substantial evidence supports the agency's denial of CAT protection. Petitioners failed to establish that they more likely than not would be tortured by, or with the acquiescence of, public officials if removed to El Salvador. *See Rodriguez-Zuniga*, 69 F.4th at 1023 (stating requirements for CAT eligibility). Petitioners did not establish past torture, an individualized risk of torture, or an inability to relocate. *See* 8 C.F.R. § 1208.16(c)(3). At best, Petitioners' claim rests on Melgares-Rivera's general surmise that they will be subjected to torture in El Salvador and that government officials will fail to protect them, which is insufficient to meet their burden of proof for CAT relief. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021). The record thus does not compel the conclusion that it is more likely than not that Petitioners will face state-sponsored torture if they return to El Salvador. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 704–07 (9th Cir. 2022) (holding that substantial evidence supported the denial of CAT relief where the petitioner failed to establish past torture, an individualized risk of torture, or an inability to relocate).

**PETITION FOR REVIEW DENIED.**[2]

---

[2] Petitioners' motion for a stay of removal (Dkt. No. 1) is **DENIED AS MOOT.**